McDonald v. Page.

As to the other point: we think that where service is rendered for the wife, *against the will of the husband,* the fact of service does not afford a legal consideration for an implied assumpsit to pay. Where necessaries are furnished for the subsistence of the wife, the credit is given to the husband. If given to the wife, the husband is not chargeable. 7. *T. R.* 432—1 *Saund.* 284—5 *Taunt.* 356. This is not such a case—here the service was for the wife, in a proceeding against the husband, intended to affect his conjugal rights. It would be difficult, against such facts, to raise a presumption of assent. Nor is it necessary to raise such a presumption to secure the wife a hearing of her complaints in court. Power is possessed by the court to make an allowance to the wife, *pendente lite.* In a proper case made, the court will make an allowance large enough to enable her to carry on her suit, and to subsist upon while it is pending.

The judgment is reversed, with costs.

---

*McDONALD v. PAGE.                    [121

Costs—attorney's fee—no parol evidence to explain the term *costs*—plea *puis darrain continuance.*

The term *costs* has a legal signification, and includes only taxable costs, not attorney's fees.
Parol evidence is inadmissible to prove that the parties to a written agreement to pay *costs* intended to embrace attorney's fees.

ASSUMPSIT upon a promissory note. The defendant pleaded puis darrain continuance, that he had agreed with the plaintiff to pay him a certain sum *and costs,* and the plaintiff should discontinue suits, which sum with the costs he had paid. Issue was taken on this.

The plaintiff contended that the agreement, which was in writing, obliged the defendant to pay the attorney's fees *in the suit,* and offered evidence to prove that such was the understanding of the parties, and that the word *costs* used by them was intended to embrace those fees.

LANE, J. The evidence is inadmissible. The word *costs* has a legal signification. It includes only those expenditures which are, by law, taxable, and to be included in the judgment.

The defendant had judgment.